**Daniel Snyder, OSB No. 78385**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205

Telephone: (503) 241-3617
Facsimile: (503) 241-2249

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **SHEILA SCHATZ**, <br><br> PLAINTIFF, <br><br> v. <br><br> **OPTIONS FOR SOUTHERN OREGON,** <br><br> DEFENDANT. | Case No. 1:20-cv-01805 <br><br> **COMPLAINT** <br> (Title III of the ADA, Section 504 of the Rehabilitation Act of 1973; pendant state claim) <br><br> **JURY TRIAL DEMANDED** |

Plaintiff brings this cause of action against Defendant and alleges as follows:

## I. NATURE OF THE ACTION

1.      This is an action for damages, including compensatory damages, equitable relief,

including injunctive and declaratory relief, and attorney fees and costs, to redress violations of

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

Title III of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq*. and violations of

Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq*. and for a

pendent Oregon statutory claims, Public Accommodations.

2.    Through its acts, conduct, policies and practices, Defendant has and does

discriminate against Plaintiff who is Deaf. Defendant this by denying Plaintiff adequate and

equally effective means to communicate. Defendant failed to provide adequate access to other

auxiliary aids and services necessary to accommodate Plaintiff in connection with family and

individual psychological counseling services. Defendant failed to assess Plaintiff's need for

accommodations.

3.    As a result of Defendant's discriminatory conduct, acts, policies, and practices,

Plaintiff has experienced the following harms:

(a)    Has been denied accommodations;

(b)    Has been denied equal access to counseling services treatment afforded by

Defendant to hearing clients;

(c)    Has been excluded from meaningful participation in any joint counseling

programs offered by Defendant for her and her children;

(d)    Has been prevented from effectively communicating with Defendant's

therapist that she sees for individual counseling;

(e)    Has been prevented from effectively communicating with Defendant's

therapist that her children see for counseling;

(f)    Has had her own communications with her children in ASL during

counseling sessions interrupted, interfered with, and misinterpreted into English;

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

(g)     Has been required to "voice" to her children during counseling sessions rather than allowing her to communicate with ASL which was offensive and embarrassing;

(h)     Has been prevented from effectively knowing what Defendant's therapist that she sees for counseling talks to her children about in English;

(i)     Has experienced difficulty in scheduling counseling appointments due to lack of qualified ASL interpreter assistance;

(j)     Has been denied qualified ASL interpreters at counseling sessions; and

(k)     Has been denied further counseling unless Plaintiff waives her request that she be accommodated with a qualified ASL interpreter.

## II. JURISDICTION

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (Federal Question).

5.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because the claim or a substantial part of the events giving rise to the claims herein occurred or arose in this Judicial District.

## III. PARTIES

6.     Plaintiff Sheila Schatz (hereinafter "Plaintiff") is a citizen of the United States of America. At the time of filing of this action, Plaintiff has standing as she and her children are both long term and current clients or patients of Defendant's counselors and therapists.

7.     At all times relevant, Plaintiff was a resident of White City, Jackson County, Oregon. Plaintiff is a qualified individual with a disability. Plaintiff is profoundly deaf. Plaintiff has been deaf her entire life. Plaintiff is culturally d/Deaf.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

8.      Plaintiff's primary language is American Sign Language (ASL). Plaintiff uses ASL to communicate with other d/Deaf people. ASL is not a form of English. ASL is a complete, natural language that has the same linguistic properties as spoken languages, with grammar that differs from English. ASL is expressed by movements of the hands and face. ASL developed from French Sign Language, which is not French, brought to America by Thomas Hopkins Gallaudet in order to educate American d/Deaf students.

9.      Plaintiff also relies on ASL to communicate with hearing persons who are not proficient in ASL. Plaintiff requires the assistance of a qualified ASL interpreter to allow her to communicate effectively in person and in telephone communications with hearing persons who do not know ASL. Plaintiff cannot use a standard video conferencing such as Zoom to communicate without the participation and assistance of a qualified ASL interpreter.

10.      Plaintiff is the mother of minor children who are not deaf. Since their earliest age, Plaintiff has communicated with her children using ASL. Although the children are hearing, ASL is their primary language and English is their second language. ASL remains the language Plaintiff uses to communicate with her children.

11.      Defendant Options for Southern Oregon (hereinafter "Options" or "Defendant") is at (501)(c)(3) nonprofit that provides mental health programs and counseling in Josephine and Jackson Counties in Oregon. Options provides counseling to children, adults, and families. Said Defendant has provided services to Plaintiff and her children at two locations in Medford: 3156 State Street Medford, Oregon 97501; and 200 Beatty Street Medford, Oregon 97501.

12.      Said Defendant is a recipient of federal financial assistance. Defendant is subject to Section 504 of the Rehabilitation Act of 1973.

### IV. GENERAL FACTUAL ALLEGATIONS

**LAW OFFICES OF DANIEL SNYDER**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

13.     For d/Deaf ("Deaf") or Hard of Hearing individuals who rely on ASL as their primary form of communication, the use of a qualified ASL interpreter is necessary to ensure effective communication between a Deaf or Hard of Hearing individual and an individual who does not use ASL to communicate.

14.     A qualified ASL interpreter is necessary because ASL is a complete, complex language that employs signs made with the hands and other movements, including facial expressions and postures of the body. It is a language distinct from English. It is not simply English in hand signals. ASL has its own vocabulary, and its own rules for grammar and syntax.

15.     Lip reading usually does not provide effective communication for a Deaf individual and is generally far less effective than written communication. It is extremely difficult to lip read English because only a small fraction of the sounds used in the language are clearly visible on the mouth, and many sounds that are visible look identical on the lips. In addition to these difficulties in lip reading, the ability to accurately lip read is affected by the speaker's facial bone structure facial musculature, facial hair, lights, and other external factors. Moreover, even if an ASL user were able to identify the sounds appearing on a speaker's lips, for the reason set forth above, she would not necessarily understand the English language or the vocabulary the speaker was using.

16.     d/Deaf people in general do not prefer to attempt to "voice" English to communicate with hearing people. Because most d/Deaf people have never "heard" English, it is difficult for them to form words intelligible to hearing people. Requiring d/Deaf persons to use their "voice" to communicate with hearing people is degrading and embarrassing to d/Deaf people.

17.     Thus, the provision of qualified sign language interpreter services is the auxiliary service necessary to allow Deaf individuals who use ASL to effectively communicate with hearing people such as Defendant's counselors and other personnel.

PAGE 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

18.    Defendant provides programs or services for individuals including education, mental health, and counseling. Defendant does not consistently provide qualified American Sign Language interpreters to d/Deaf people who seek or receive such programs or services.

**Facts in Respect to Plaintiff**

19.    Plaintiff and Plaintiff's children have been receiving counseling services from Defendant from approximately 2017 through the present. At all times material, Defendant failed to assess Plaintiff's need for accommodations so as to communicate with Defendant's counselors, therapists, and employees. Defendant failed to designate and provide notice to Plaintiff of a responsible employee to coordinate efforts to comply with and carry out the Defendant's responsibilities under Title III of the ADA in violation of 28 CFR § 35.106 and 28 CFR § 35.107, under the Rehabilitation Act, and under Oregon law.

20.    Plaintiff has contacted Defendant on multiple occasions and requested a qualified ASL interpreter to be present for the counseling sessions she intended to attend and did attend with her children as well as individual counseling sessions she attended. Defendant did not provide a qualified ASL interpreter to Plaintiff. With very limited exceptions, Plaintiff was offered the assistance of a staff member, SR, who is a Spanish-language interpreter with some limited ASL skills.

21.    Plaintiff has told Defendant in person and by using Video Relay with a remote interpreter that Defendant's Spanish-language interpreter, SR, is not proficient in ASL and that Plaintiff has difficulty understanding SR's attempts at ASL. Plaintiff has also told Defendant that the counselor, Kala Brown, who claimed to have some rudimentary ASL skills, is not proficient in ASL and that Plaintiff has trouble communicating with her. Plaintiff objected both to SR and to Ms. Brown attempting to use ASL to communicate with her or to interpret for her because of their

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

lack of proficiency. Plaintiff reported to Defendant that are very slow signing and are not accurate. Plaintiff told Defendant in ASL that she needed a certified interpreter that understands her, and she needed to understand the interpreter. Ms. Brown told Plaintiff through SR that Plaintiff could not have a certified ASL interpreter to assist her at counseling appointments because Options for Southern Oregon has an interpreting contract with Ms. Randleman. Plaintiff is without knowledge as to whether Randleman is a contractor or employee of Defendant.

22.    Plaintiff's problems with Defendant providing a qualified ASL interpreter have been going on for years. The following are some of the recent incidents that Plaintiff experienced in which she was denied a qualified interpreter.

23.    On March 8, 2019, Options and Kala Brown provided the Spanish-language interpreter, Sierra Randleman, to serve as an ASL interpreter for a counseling or therapy session. Plaintiff had trouble understanding SR. During the therapy session, Plaintiff communicated with her children through ASL. When Plaintiff did this, Kala Brown relied on SR to interpret to Brown what Plaintiff signed to the children. Brown then voiced to the children what Plaintiff just signed to her children such as "Your mother says. . ." Plaintiff told Kala Brown that she always communicates with her children using ASL, the children understand her, and it is not helpful to have a person who is not proficient in ASL voice to the children what Plaintiff was signing.

24.    On September 10, 2019, Plaintiff reviewed a copy of Defendant's records from Options for her children. Plaintiff noticed the records contained incorrect factual information gathered from Plaintiff and her children during counseling sessions. Plaintiff attributes Defendant's inaccurate factual record to Defendant not providing a qualified ASL interpreter for counseling sessions.

PAGE 7 – COMPLAINT AND DEMAND FOR JURY TRIAL

25.    Plaintiff also experienced miscommunication with SR over scheduling counseling appointments. Because Defendant did not use a qualified ASL interpreter, to schedule counseling dates, the new dates were not communicated effectively to Plaintiff causing her and the children to inadvertently miss appointments.

26.    On April 13, 2020, Plaintiff attended and individual appointment with Kala Brown. Defendant provided Plaintiff with inadequate ASL interpreting services, instead relying on SR through the Zoom meeting application. Because of SR's lack of ASL proficiency, the communication was difficult. On April 13, 2020, Plaintiff's children also had individual Zoom appointments with Kala Brown that Plaintiff attended. Defendant did not provide a qualified interpreter for the appointments Plaintiff attended with her children. That day, Brown interfered when Plaintiff was signing to her son. Brown claimed that Plaintiff's son said "shit" a lot. Her son said, "No, it is not 'shit' it is 'sit.'" Plaintiff tried to explain to Brown that Brown was confused. However, due to the lack of a qualified interpreter being present, communication was impeded.

27.    On April 15, 2020, Plaintiff had a Zoom appointment with Brown. For the first time during the history of their counseling appointments, Defendant provided Plaintiff with a qualified ASL interpreter through the Zoom meeting application. Defendant only provided a qualified ASL interpreter on one other subsequent occasion as set forth below.

28.    On April 20, 2020, Plaintiff's daughter had a Zoom appointment with Kala Brown. Plaintiff attended the appointment with her daughter. Options did not provide Plaintiff with an ASL interpreter. Ms. Brown kept asking Plaintiff questions during the session using rudimentary ASL or speaking and expecting Plaintiff to lip-read. It was unreasonable for Brown to expect Plaintiff to lip-read as requiring d/Deaf people to lip read is not an accommodation.

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

29.     On April 23, 2020, Plaintiff had a joint Zoom appointment with Ms. Brown and her children. Plaintiff again requested the aid of an ASL interpreter. Defendant again provided Plaintiff with the Spanish-language interpreter, SR. During that session, Plaintiff signed to her son. Ms. Brown interrupted Plaintiff signing to her son and told Plaintiff not to use ASL to communicate with her children. Brown again instructed Plaintiff to vocalize or "voice" words to both Brown and her children during the meeting. The instruction that Plaintiff voice during the session was oppressive, offensive, and embarrassing to Plaintiff. Plaintiff always communicates with her children in ASL. Plaintiff is not confident in how intelligible her English vocalization is since she cannot hear her voice. Plaintiff felt abused by Brown's insistence that she voice to her children.

30.     On April 28, 2020, Plaintiff had a Zoom appointment with Ms. Brown. Defendant provided Plaintiff with the Spanish-language interpreter, SR.

31.     On multiple dates, May 1, 2020, and July 6, 2020, and August 17, 2020, the Spanish language interpreter, SR. met with Plaintiff on Zoom to set up more schedules for her children's sessions with Ms. Brown. Defendant did not schedule qualified ASL interpreters for the May 1 and July 6, 2020, and August 17, 2020 meetings. The scheduling sessions took a long time due to the difficulty in communication and lead to miscommunicating about counseling dates.

32.     On May 1, 2020, each of Plaintiff's children had individual Zoom appointments with Kala Brown, which Plaintiff attended. There was no interpreter present. Plaintiff and her children used ASL to communicate during the session. Although Kala Brown claimed to have ASL knowledge, Brown was unable to follow Plaintiff's conversation with her children. Brown asked Plaintiff questions about what Plaintiff's children were telling Plaintiff in ASL. Brown said that the children were "making up stories."

PAGE 9 – COMPLAINT AND DEMAND FOR JURY TRIAL

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

33.    In 2020, when Plaintiff met with the Spanish-language interpreter to schedule appointments, the Spanish-language interpreter asked if Plaintiff wanted a particular qualified ASL interpreter, MK, to interpret for Plaintiff. Plaintiff always said "yes." Then when Plaintiff would attend the appointments, the qualified ASL interpreter would not be present.

34.    Plaintiff became discouraged over Defendant's failure to provide an interpreter and dreaded attending the therapy sessions with Brown for her and her children. Plaintiff was required to be on some Zoom therapy sessions with her children, so she continued to attend the appointments.

35.    On June 9, 2020, Plaintiff's son's appointment with Brown was canceled because the Spanish-language interpreter, SR, was booked that day and could not interpret during Plaintiff's son's session. Defendant had failed to book another interpreter for Plantiff that day.

36.    On June 10, 2020, Defendant provided a qualified ASL interpreter, MK, during the Zoom meeting to interpret for Brown the conversation Plaintiff was having with her son. After that date, on the Spanish-language interpreter, SR was provided by Defendant to interpret during meetings.

37.    Defendant scheduled an August 3, 2020, Zoom appointment with Ms. Brown. Defendant promised Plaintiff that there would be a qualified interpreter present at the meeting. Defendant then canceled the appointment because Ms. Brown went on maternity leave. Defendant then canceled all future scheduled appointments until January 2021.

38.    On August 17, 2020, the Spanish-language interpreter, SR, and Plaintiff met on Zoom. The Spanish-language interpreter, SR, told Plaintiff that the purpose of the Zoom meeting was to schedule new appointment dates for Plaintiff and her children. The Spanish-language interpreter, SR, told Plaintiff that the appointment would be with a therapist other than Brown. The

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249

Spanish-language interpreter, SR, told Plaintiff that before she could set up new appointments for

Plaintiff and her children with a different therapist, her boss was requiring Plaintiff to sign

documents to allow the Spanish-language interpreter, SR, to interpret all future appointments.

Plaintiff said she did not agree and would not sign documents waiving a qualified ASL interpreter.

The Spanish language interpreter, SR, told Plaintiff that she was required the documents before

she could schedule more appointments.

39.     Because Plaintiff was unable to effectively communicate with Defendant's staff,

counselors, and therapist, Plaintiff did not receive the benefits of Defendant's services and

programs on an equal basis with hearing clients. The lack of effective communication resulted in

feelings of frustration, humiliation, anxiety, isolation, confusion and loss of dignity for Plaintiff.

## VI. CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### Americans with Disabilities Act—Title III: 42 U.S.C. §12181 et seq.)

40.     Plaintiff re-alleges the prior paragraph as though fully set forth herein.

41.     Defendant is a place of public accommodation as that term is defined in 42 U.S.C.

§12181(7)(F).

42.     Plaintiff is a "qualified individual with a disability" as that term is defined in

§12131(2).

43.     At all relevant times, Defendant was aware of Plaintiff's physical disability.

44.     Defendant has damaged Plaintiff in violation of 42 U.S.C. §12132 and its

accompanying regulations by committing the following discriminatory acts or practices:

PAGE 11 – COMPLAINT AND DEMAND FOR JURY TRIAL

(a)     By failing to conduct an informed assessment of Plaintiff's needs for accommodation. Defendant failed to assess Plaintiff's need for auxiliary aides at the outset of the relationship, to wit, her need for a qualified ASL interpreter;

(b)     Defendant failed to regularly provide Plaintiff with a qualified ASL interpreter for all counseling sessions attended by Plaintiff for herself;

(c)     Defendant failed to regularly provide Plaintiff with a qualified ASL intepr4eseter for all counseling sessions attended by Plaintiff for her children;

(d)     Defendant's refusal to schedule counseling appointments unless Plaintiff agreed to use a non-qualified ASL interpreter;

(e)     By failing to give primary consideration of and deference to Plaintiff's accommodation requests or failing to provide an appropriate alternative accommodation taking into account the context in which the communication is taking place;

(f)     By failing to make information available to Plaintiff regarding her rights under the ADA and § 504.

45.     Plaintiff is entitled to injunctive relief, including, but not limited to, an order prohibiting Defendant from continued discrimination against people with disabilities and an order mandating full compliance with Title III of the ADA.

46.     Plaintiff is entitled to a declaration that the Defendant violated Title III of the ADA.

47.     Pursuant to 42 U.S.C. §§ 1988 and 2000e-5, Plaintiff is entitled to an award of attorney's fees, expert witness fees, and costs incurred.

## SECOND CLAIM FOR RELIEF

## (Section 504 of the Rehabilitation Act of 1973)

48.     Plaintiff re-alleges all relevant paragraphs as though fully set forth herein.

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL

49.     Plaintiff is a qualified individual with a disability or handicap under the Rehabilitation Act.

50.     Plaintiff was otherwise qualified to receive the benefit of the services made available to clients or patients of Defendant.

51.     At all times material, Defendant was and is a recipient of federal financial assistance for its programs and activities.

52.     Defendant's actions and omissions as described above violated Plaintiff's rights under the Rehabilitation Act by excluding her or denying her the benefits of Defendant's services solely because of her disability.

53.     Defendant's conduct showed deliberate indifference to Plaintiff's rights.

54.     Defendant sustained emotional distress and damages due to Defendant's violation of the Rehabilitation Act.

55.     Pursuant to Section 505 of the Rehabilitation Act, Plaintiff is entitled to compensation for her damages and an award of attorney fees and costs.

### THIRD CLAIM FOR RELIEF

### (ORS 659A.142 and ORS 659A.143)

56.     Plaintiff re-alleges all relevant paragraphs as though fully set forth herein.

57.     Defendant is a "place of public accommodation" as that term is defined in ORS 659A.142 and ORS 659A.143.

58.     Plaintiff is a "disabled person" as defined at ORS 659A.104(1).

59.     At all relevant times, Defendant was aware of Plaintiff's disabilities.

60.     Defendant discriminated against Plaintiff as alleged above.

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

61.    Plaintiff is entitled to injunctive relief, including, but not limited to, an order prohibiting Defendant continued discrimination against people with disabilities and an order mandating full compliance with ORS 659A.142 and ORS 659A.143.

62.    Plaintiff is entitled to a declaration that the Defendant violated ORS 659A.142 and ORS 659A.143.

63.    Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to an award of attorney's fees and costs and disbursements.

## VII. PRAYER FOR RELIEF

Plaintiff seeks judgment against Defendant and requests that this Court enter an Order as follows:

A.    Accepting jurisdiction of this case and declaring that Defendant violated Title III of the ADA;

B.    Accepting jurisdiction of this case and declaring that Defendant violated Section 504 of the Rehabilitation Act of 1973;

C.    Injunctive and other equitable relief as the Court deems appropriate, including, but not limited to, an Order requiring Defendant to provide qualified American Sign Language interpreters and auxiliary aids, to establish polices to accommodate Deaf people, and requiring Defendant to appoint and train ADA coordinators and to make the existence of the coordinator or coordinators, and a process to follow to contact the coordinator, known to people with Disabilities;

D.    To require Defendant to establish a policy and procedure for ensuring Deaf persons in custody will have access to ASL interpreters while receiving services and scheduling appointments;

PAGE 14 – COMPLAINT AND DEMAND FOR JURY TRIAL

E.      A sum which will fully compensate Plaintiff for her noneconomic damages in a sum that is just as determined by a jury;

F.      A sum which will fully compensate Plaintiff for her economic damages in a sum that is just as determined by a jury;

G.      Plaintiff's costs and disbursements incurred herein;

H.      Plaintiff's attorneys' fees; and

I.      For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

DATED: October 19, 2020

                                    LAW OFFICES OF DANIEL SNYDER

                                    _/s/ Daniel Snyder_
                                    Daniel Snyder, OSB No. 783856
                                    dansnyder@lawofficeofdanielsnyder.com
                                    Carl Post, OSB No. 061058
                                    carlpost@lawofficeofdanielsnyder.com
                                    John Burgess, OSB No. 106498
                                    johnburgess@lawofficeofdanielsnyder.com
                                    Telephone: (503) 241-3617
                                    Facsimile: (503) 241-2249
                                    Of Attorneys for Plaintiff

LAW OFFICES OF DANIEL SNYDER
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 | Fax (503) 241-2249